**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| Oslaida Cruz De Oses,<br><br>                    Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>                    Defendant. | 2:22-cv-01201-VCF<br><br>**Order**<br><br>MOTION TO REMAND [ECF NO. 23]; CROSS-MOTION TO REMAND [ECF NO. 26] |

This matter involves plaintiff Oslaida Cruz De Oses's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. De Oses filed a motion for reversal or remand. (ECF No. 23) The Commissioner agrees that this case should be remanded and reviewed de novo but does not agree with plaintiff's reversal and additional remand arguments. (ECF No. 26). I grant both motions in part.

**I.      Background**

Oslaida Cruz De Oses filed an application for supplemental security income on March 20, 2020,

1

alleging disability commencing February 14, 2020. AR[1] 365-72. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520. The ALJ agreed that De Oses did not engage in substantial gainful activity since her application date of February 14, 2020. AR 113. De Oses suffered from medically determinable severe impairments consisting of disorder of the lumbar spine, status post fusion; disorder of the cervical spine; lateral epicondylitis; 1st dorsal compartment tenosynovitis, status post release; disorder of the right wrist, status post release; and obesity. AR 82. The ALJ decided that the impairment did not meet or equal any "listed" impairment. AR 83 citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ assessed Cruz De Oses as retaining the residual functional capacity to perform the demands of light work, as defined in 20 C.F.R. §404.1567(b), except further limited to the following:

> except frequent balance, stoop, kneel and crouch; occasional crawl
> and occasional climbing of ladders, ropes and scaffolds; limited to
> frequent but not continuous fingering and handling; limited to only
> occasional overhead reaching; must avoid concentrated exposure to
> excessive cold and vibration; must avoid concentrated exposure to
> hazards, such as hazardous machinery, unprotected heights and
> operational control of moving machinery; limited to jobs with only
> occasional rotation, flexion and extension of the neck; requires a
> sit/stand option which would allow the claimant to work while sitting
> or standing, alternating between the two positions with the time in
> either position and the frequency of position change at the sole
> discretion of the employee.

AR 83.

The ALJ compared the residual functional capacity assessed to the demands of De Oses's past

---

[1] The Administrative Record ("AR") is at ECF No. 20.

relevant work as a kitchen helper and composite job as a janitor and file clerk I and decided that she could not perform that kind of work. AR 88. The ALJ classified Cruz De Oses as a younger individual on the alleged onset date. AR 88. The ALJ found Cruz De Oses as possessing at least a high school education. AR 88. The ALJ treated the question of transferability of skills as immaterial. AR 88. The ALJ adduced and accepted testimony of a vocational expert that an individual of Cruz De Oses's age, education, work experience, and residual functional capacity could perform the following unskilled light occupations: remnant cutter (DOT 789.687-150); trimmer hand (DOT 794.687-062); and basket filler (DOT 529.687-010). AR 89. The ALJ concluded that Cruz De Oses did not suffer from a disability between February 14, 2020, and the date of the decision. AR 89.

Plaintiff argues that the ALJ's finding of jobs at step five of the sequential evaluation lacks the support of substantial evidence because it conflicts with the vocational expert's testimony. ECF No. 23 at 7. The Commissioner agrees that the ALJ's finding of jobs at step five of the sequential evaluation did not match the vocational expert's testimony at the hearing. ECF No. 26 at 4. The Commissioner argues that the ALJ appears to have erred either in transcribing the RFC or interpreting the vocational expert's testimony. *Id.* The Commissioner agrees that the Court should remand for further proceedings. *Id.* Plaintiff argues in the reply that this case should be remanded for an award of benefits or, in the alternative, remanded for further consideration at step five but only if the facts at the time of the remand hearing warrant application of the law of case doctrine. ECF No. 28 at 3.

**II.  Discussion**

    **a.  Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.   Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v.*

*Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla"

of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### b. Analysis

#### i. The ALJ's RFC is not supported by substantial evidence.

An individual cannot perform sedentary work when restricted to a sit/stand option at will because "a sedentary job is defined as one which involves sitting…[but] walking and standing are required occasionally." 20 C.F.R. § 404.1567(a). Occasionally means occurring from very little to up to one-third of the time. Social Security Ruling 83-10. A sit/stand option at will does not permit the performance of sedentary work because in an eight-hour workday, an individual performing sedentary work could only stand for one-third of the day at most—2.64 hours. At the sedentary level of exertion, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Id.* While sedentary work generally requires six hours of sitting per day, it can require up to eight hours of sitting per day. *Vertigan v. Halter*, 260 F.3d 1044, 1052 (9th Cir. 2001) ("In a work environment requiring sedentary work, the Social Security Rules require necessary sitting as the ability to do such for six to eight hours a day." (citing SSR 83-10)); *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001) ("most sedentary jobs require sitting for most or all of the day."); *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) ("While some sedentary jobs may require some walking and/or standing, others may not require any.")

The ALJ found that Cruz De Oses could perform a restricted range of light work pertinently limited to the following: (1) requires a sit/stand option which would allow the claimant to work while sitting or standing, alternating between the two positions with the time in either position and the frequency of position change at the sole discretion of the employee; and (2) only occasional rotation, flexion, and extension of the neck. AR 83. The ALJ found that Cruz De Oses could not perform past

relevant work. AR 88. If an individual cannot perform his or her past relevant work then the Commissioner bears the burden of showing the existence of a significant number of other jobs that an individual could perform at step five of the sequential evaluation. 20 C.F.R. § 404.1560(c); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) ("Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy.")

At step five of the sequential evaluation, the ALJ explained that "the vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as remanent cutter, DOT Code 789.687-150…trimmer hand, DOT Code 794.687-062…and basket filler, DOT Code 529.687-010…" AR 89. Based on the VE's testimony, the ALJ concluded that Cruz De Oses could make a successful adjustment to other work existing in significant numbers in the national economy. *Id.*

I find that the ALJ's finding at step five lacks the support of substantial evidence. The VE testified that someone limited to the sit/stand option detailed in the ALJ's finding of residual functional capacity could not perform the three light occupations relied upon by the ALJ to find Cruz De Oses not disabled. AR 249–50. The VE testified that someone limited to the sit/stand option detailed in the ALJ's finding of residual functional capacity could only perform the three sedentary occupations identified by the VE. *Id.* The ALJ did not find that Cruz De Oses could perform the sedentary occupations identified by the VE. The ALJ's silent disregard of evidence provides the court "nothing to review to determine whether the error materially impacted the ALJ's ultimate decision" and therefore, whether the error was harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006); see also *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (declining to affirm the ALJ decision because it lacked specific findings and reasoning, leaving the court no meaningful explanation with which to assess

its legitimacy). Contrary to the ALJ's finding of alternative unskilled light work allowing for a sit/stand option at will, the Commissioner reports that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." Social Security Ruling 83-12. The Commissioner explains that most "jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task." *Id.* The ALJ's error was not harmless and the ALJ could have had a legitimate reason for not finding that sedentary work could be performed by an individual restricted to a sit/stand option at will.

When discussing a residual functional capacity for less than a full range of sedentary work, the Commissioner reports that "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." Social Security Ruling 96-9p. The ALJ's finding of residual functional capacity, which permits alternating between sitting/standing at will, lacks specificity as to the frequency of Cruz De Oses's need to alternative between sitting and standing.

The ALJ's finding at step five also lacks the support of substantial evidence because the VE testified that someone limited to only occasional rotation, flexion, and extension of the neck could not perform either (1) the light jobs relied upon by the ALJ or (2) the sedentary occupations identified by the VE in response to another hypothetical. AR 250. When limited to the range of light work posed by the ALJ, with the additional restriction of only occasional rotation, flexion, and extension of the neck, the VE confirmed that no other light work exists for such individual. *Id.*

The ALJ's decision lacks the support of substantial evidence and rests upon legal error. I remand the case so that "additional proceedings can remedy defects in the original administrative proceeding." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). Since the ALJ will need to adjudicate a longer period than in the first decision, further medical evidence and testimony may reveal a clearer picture of plaintiff's functioning, both before and after the ALJ's prior decision. I thus agree with the

Commissioner that remand for further consideration of the issues de novo is the appropriate in this case. I remand for further proceedings.

Accordingly,

I ORDER that both plaintiff De Oses's motion for remand (ECF No. 23) and the Commissioner's cross-motion to affirm (ECF No. 26) are both GRANTED IN PART as specified in this order.

The Clerk of Court is directed to enter final judgment in favor of plaintiff.

DATED this 29th day of March 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

8